**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 1:15-cv-00758-JMS-MJD |
| ITT EDUCATIONAL SERVICES, INC., KEVIN M. MODANY, and DANIEL M. FITZPATRICK, | ) ) ) ) |
| Defendants. | ) ) |

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

    *A.     Plaintiff United States Securities & Exchange Commission*

        Nicholas P. Heinke
        Polly A. Atkinson
        Zachary T. Carlyle
        Byron G. Rogers Federal Building
        1961 Stout St., Suite 1700
        Denver, CO  80294-1961
        Telephone:  (303) 844-1071
        Fax:  (303) 297-3529
        *heinken@sec.gov*
        *atkinsonp@sec.gov*
        *carlylez@sec.gov*

    *B.     Defendant ITT Educational Services Inc.*

        Enu Mainigi
        Steven M. Farina
        Steven M. Pyser
        Christopher J. Mandernach
        Amanda C. Boozer
        Yifan Wang

>WILLIAMS & CONNOLLY LLP
>725 Twelfth Street, N.W.
>Washington, DC 20005-5901
>Telephone: (202) 434-5000
>Fax: (202) 434-5029
>*emainigi@wc.com*
>*sfarina@wc.com*
>*spyser@wc.com*
>*cmandernach@wc.com*
>*aboozer@wc.com*
>*ywang@wc.com*
>
>and
>
>Philip A. Whistler
>Thomas E. Mixdorf
>ICE MILLER, LLP
>One American Square, Suite 2900
>Indianapolis, IN 46282-0200
>Telephone: (317) 236-2100
>Fax: (317) 236-2219
>*Philip.Whistler@icemiller.com*
>*Thomas.Mixdorf@icemiller.com*

C.  *Defendant Kevin M. Modany*

>Eric W. Sitarchuk
>Ryan P. McCarthy
>MORGAN, LEWIS & BOCKIUS LLP
>1701 Market St.
>Philadelphia, PA 19103
>Telephone: (215) 963-5000
>Fax: (215) 963-5001
>*esitarchuk@morganlewis.com*
>*rmccarthy@morganlewis.com*
>
>and
>
>David I. Miller
>MORGAN, LEWIS & BOCKIUS LLP
>101 Park Ave.
>New York, NY 10178
>Telephone: (212) 309-6000
>Fax: (212) 309-6001
>*david.miller@morganlewis.com*

2

and

Philip A. Whistler
Thomas E. Mixdorf
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Telephone: (317) 236-2100
Fax: (317) 236-2219
*Philip.Whistler@icemiller.com*
*Thomas.Mixdorf@icemiller.com*

D. *Defendant Daniel M. Fitzpatrick*

Fredric D. Firestone
Michael A. Ungar
James M. Commons
Alison L. Nadel
MCDERMOTT WILL & EMERY LLP
500 North Capitol St., N.W.
Washington, DC  20001
Telephone:  (202) 756-8000
Fax:  (202) 756-8087
*rfirestone@mwe.com*
*mungar@mwe.com*
*jcommons@mwe.com*
*anadel@mwe.com*

and

Alan S. Brown (#3536-49)
Bryan S. Strawbridge (#29076-49)
FROST BROWN TODD LLC
201 North Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Telephone:  (317) 237-3800
Fax:  (317) 237-2900
*abrown@fbtlaw.com*
*bstrawbridge@fbtlaw.com*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. Basis for subject matter jurisdiction: The Court has subject matter jurisdiction over this matter because it concerns alleged violation of federal law. *See* Complaint and Answer ¶ 10.

B. **Plaintiff's claims**: Beginning no later than the second quarter of 2012, Defendants ITT, Modany, and Fitzpatrick engaged in a fraudulent scheme and course of business and made various false and misleading statements and omissions to defraud ITT's investors by concealing the extraordinary failure of two of ITT's off-balance sheet student loan programs. For example, as to one loan program (the PEAKS program), the Defendants devised a plan whereby ITT made payments on behalf of student borrowers who had failed to make timely payments, which had the effect of temporarily delaying further defaults, but concealed this practice from ITT's investors (among others) and instead made statements in public filings that led investors to believe the PEAKS program and its composite student loans were performing relatively well. The Defendants further misled investors about the condition of the PEAKS program by "netting" the near-term payments ITT projected making against speculative recoveries that were not projected to be realized until many years later. As a result, the net amount disclosed was tens of millions of dollars lower than the more than $100 million in near-term payments ITT projected making. In addition, the Defendants made only the minimum payments required on the other student loan program (the CUSO program) but failed to disclose that this payment choice would have the effect of significantly increasing the amounts ITT would ultimately owe. The Defendants also failed to consolidate the PEAKS program into ITT's financial statements, which would have shown the declining value of PEAKS loans, despite having the sort of control over the program that should require consolidation. Finally, Modany and Fitzpatrick misled ITT's external auditor regarding important information affecting the PEAKS and CUSO programs. As a result of this conduct, the Defendants violated, aided and abetted the violation of, and/or have control person liability for violations of Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; falsified ITT's books and records in violation of Section 13(b)(5) of the Exchange Act and Rule 13b2-1 [15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1]; executed false certifications in violation of Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14]; filed, aided and abetted the filing of, and/or had control person liability over the filing of false SEC filings in violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 204.13a-11, and 240.13a-13]; failed to keep accurate books and records, aided and abetted such violations, and/or had control person liability for such violations, in violation of Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; and failed to reimburse ITT in violation of Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243(a)].

4

C. **Defendants' responsive statement and defenses**: The SEC's allegations of fraud are dispelled by the clear weight of the factual record, fall far short of satisfying the high legal standards required to prove such claims, and impermissibly rely on hindsight. Defendants' conduct and disclosures belie any claim of fraud: at all times, Defendants acted diligently, in good faith and without scienter, and engaged in no misconduct, fraud, or other violations of the securities laws. The SEC's allegations arise from two private student loan programs: CUSO and PEAKS. Numerous experienced parties were involved in the structuring, operation, and accounting for the two programs, including well-known investment banks and institutional lenders, experts in the field of student lending, and independent auditors. As to both programs, Defendants acted appropriately and satisfied all of their obligations. ITT's robust process for assessing its contingent liability under its guarantees for these programs involved good-faith work and consultations with numerous entities and individuals. ITT's SEC filings and disclosures were all made diligently and in good faith, reviewed by multiple professionals, and appropriate in all respects. Furthermore, certain of the SEC's claims involve different interpretations of complex issues under generally accepted accounting principles ("GAAP"). Accordingly, the Defendants deny any liability for any of the SEC's alleged claims.

D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26(a)(1) initial disclosures on or before **August 18, 2015**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **October 14, 2015**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **November 16, 2015**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **October 14, 2015**.

E. Sub-section E of the default Case Management Plan states:

> Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before _____ [no later than 5 months from the Anchor Date]. Defendant(s) shall serve on the Plaintiff(s) (but

>   not file with the Court) a response thereto within 30 days after receipt of the demand.
>
> After conferring, the parties respectfully submit that the provisions of this sub-section do not apply in this case and respectfully request that the Court relieve the parties of this requirement.

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 24, 2016**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 1, 2016**.[1] In the event Plaintiff elects to file a rebuttal to any report of the Defendants, Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 29, 2016**. Such rebuttal reports shall be limited to responding to issues raised in Defendants expert reports that were not addressed in Plaintiff's original disclosure.

G. Pursuant to the schedule in this Case Management Plan and the paragraph above, expert disclosures are scheduled to be served at least 90 in advance of the dispositive motion deadline. The parties shall confer within 7 days of service of expert disclosures to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **January 23, 2017**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **January 30, 2017**.[2] This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

---

[1] The parties respectfully request a slight extension beyond the default time of 30 days stated in the Case Management Plan.

[2] The parties note for the Court's review that this date is beyond the 14 months from Anchor Date default timing specified and respectfully request an extension. If the Court grants the parties' request for a May 2017 trial date, *see* Section IV and n.4, this will be approximately four months in advance of trial.

J.       Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.       The parties have discussed the preservation and disclosure of electronically stored discovery information, including the format for production of any such information. Where practicable, document-level searchable text and, when available, meta-data (for those documents originally created and maintained in electronic form) will be produced, accompanied by Bates-numbered, single-page .TIFF images for each page of the document and a load file to link the images to the database. The parties have further agreed that information received from third-parties should be produced in the format that it was received from those parties. Documents will be produced in electronic format on hard drive, CD, DVD, or electronic file transfer. The parties agree to bear their own costs for collection, review, and production of electronically stored discovery information; however, each party reserves the right to seek Court intervention to shift such costs to the opposing side to the extent that the opposing side's request for electronically stored discovery information is unreasonable.

The parties agree to continue to work in good faith to reach agreement regarding any other matters related to the scope and content of electronic discovery so as to minimize the burden and expense on all parties.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV. Discovery[3] and Dispositive Motions**

    Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes.

    While the SEC does not believe summary judgment will be appropriate on claims where the Defendants' scienter is at issue, given the inherent issues of fact such claims raise, the SEC believes summary judgment may be appropriate on certain of its non-scienter claims, including its claims for violating the reporting provisions of the Exchange Act, *see* Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 204.13a-11, and 240.13a-13], and failing to make and keep accurate books and records or maintain sufficient internal controls, *see* Sections 13(b)(2) and (5) of the Exchange Act and Rule 13b2-1 [15 U.S.C. § 78m(b)(2), (5) and 17 C.F.R. § 240.13b2-1]. In addition, the SEC believes summary judgment may be appropriate on certain elements of its scienter-based claims, such as whether certain conduct was in connection with the offer, purchase, or sale of securities, whether certain statements were material, whether the requisite jurisdictional means were used, and whether the Defendants were "control persons" pursuant to Section 20(a) of the Exchange Act.

    Defendants believe this case may be appropriate for summary judgment because the factual allegations in the complaint are without foundation, contrary to the evidence, fail to state a claim, and fall far short of meeting the high legal standards required to prove the SEC's claims, including without limitation: the

---

[3] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

        absence of false or misleading statements or deceptive conduct; a lack of scienter or negligence (based upon, among other reason, reliance upon professionals); lack of materiality; conformity with generally accepted accounting principles (GAAP); genuinely believed opinions about the subjective determinations at issue; the absence of a duty of disclosure; and other defenses and affirmative defenses, including those set forth in the Answer.

    B.    Select the track that best suits this case:

        __ x __ Track 3: Dispositive motions are expected and shall be filed no later than **October 7, 2016**; oppositions to dispositive motions shall be filed by **November 4, 2016**; replies in support of dispositive motions shall be filed by **November 18, 2016**; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **September 7, 2016**; all remaining discovery shall be completed by **November 10, 2016**.[4]

        The parties believe that although Track 3 is not the typical track when dispositive motions are anticipated, in this case, Track 2 is not appropriate because the parties do not anticipate expert witnesses and discovery relating to damages as is anticipated by Track 2 (although the Defendants anticipate discovery on the SEC's requests for remedies). Further, the parties anticipate that some of the expert witnesses necessary for trial will submit reports in advance of and in support of dispositive motions.

        <u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.    <u>Pre-Trial/Settlement Conferences</u>**

    At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September 2016.**

---

[4] The parties note for the Court's review that these dates are beyond the default time stated in the Case Management Plan as measured from the Anchor Date. The dispositive motion date listed is approximately 17 months from the Anchor Date and the close of all remaining discovery is approximately 18 months from the Anchor Date. The parties respectfully submit that this schedule will permit the anticipated extensive fact and expert discovery (potentially including accountants, loan finance experts, investment bankers, disclosure experts, and others) that the parties anticipate will be necessary for dispositive motions in this complex case, while meeting Judge Magnus-Stinson's Courtroom Procedure requirement that there be at least 180 days from filing of dispositive motions to the trial date. If the Court grants the parties request for a May 2017 trial date, dispositive motions will be approximately seven months in advance of trial.

VI. **Trial Date**

The parties request a trial date in May 2017. This date is 24 months from the anchor date, which the parties respectfully submit will permit adequate time for fact and expert discovery in advance of dispositive motion given the complexity of the issues in this case and the volume of third party discovery expected, while providing sufficient time between dispositive motions and trial. *See also* n.4. The trial is by jury and is anticipated to take approximately 15–20 trial days.

VII. **Referral to Magistrate Judge**

    A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

    B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

      a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

In response to the Court's Scheduling Order, Dkt. No. 41, the parties address the following issues:

1. *How exhibits will be identified during the discovery process consistent with the Court's trial procedures?*

    The parties will maintain consistent numbering from the SEC's investigative testimony. Those documents marked during the SEC's investigation as exhibits will retain the number that was used at that time. Additional documents introduced during depositions or at trial will be numbered consecutively without duplication of any single number or the use of prefixes indicating the party who introduces that exhibit.

2. *The types and number of witnesses the parties anticipate may provide evidence under Federal Rule of Evidence 702, 703 or 705?*

    The parties anticipate that they may offer testimony to assist the jury to understand evidence related to various issues.

    The SEC anticipates that it may present expert testimony on issues including, but not limited to: the for-profit college industry, including financing issues, student loan issues, and other related regulatory issues; the standards and requirements of disclosure in corporate filings, including in the Management Discussion & Analysis portion of such filings; accounting and auditing requirements and practices; and the materiality of certain events, including the impact of certain events on ITT's stock price. The SEC further anticipates presenting rebuttal expert testimony in response to any witnesses offered by the Defendants.

    Defendants submit that such expert testimony may concern, but is not limited to: accounting, auditing, and disclosure standards and practices; student loan origination, servicing, and performance; loan defaults; corporate disclosure; the effects of the economy on default rates; the role of senior executives in the accounting, auditing, and reporting of issuers; and the materiality of certain events, including but not limited to the impact of events on ITT's stock price. Defendants anticipate rebuttal witnesses to any witness offered by the SEC pursuant to Federal Rule of Evidence 702.

3. *Any issues anticipated at the outset regarding the scope or nature of discovery anticipated in the case?*

   The SEC has agreed to provide Defendants with a database containing copies of the documents it received from the Defendants and third parties during its investigation and its file of investigative testimony and exhibits. The parties are also working in good faith on other informal document discovery. As a result, Defendants anticipate the need to serve a relatively small number of document requests to the SEC, once the aforementioned information is received.

   The SEC likewise anticipates issuing relatively limited document requests to Defendants. ITT has already provided the SEC with more than 1.5 million pages of discovery during the SEC's investigation. Accordingly, the SEC expects, with two exceptions, there will be little additional document discovery requested from Defendants. Those exceptions are additional discovery related to ITT's restatements of its financial statements and advice provided to ITT by various professionals.

   The parties also anticipate issuing subpoenas to third parties for additional documents and depositions. For the Defendants, the scope of those subpoenas and identity of third parties will be determined, in part, by the scope of the existing third party productions from the SEC's investigation that the SEC has agreed to provide to Defendants. Defendants have not yet reviewed that information. For the SEC, the scope of those subpoenas and identity of third parties will be determined, in part, by the scope of Defendants' reliance on professionals defense and the identity of which professionals were allegedly relied on.

4. *Any anticipated deviations from the established limitations on discovery?*

   The parties agree that the scope and nature of this case will likely require more than the ten, seven-hour depositions or twenty-five interrogatories contemplated by the Federal Rules of Civil Procedure and the twenty-five requests for admission contemplated by the Court's Local Rules. The parties anticipate reaching agreement on this issue.

   Additional discovery, including depositions, will be required because of the scope and nature of this case. For example, during its investigation the SEC took testimony from 21 witnesses. Consistent with SEC rules and practice, the Defendants were not permitted to question these individuals and were not present for the testimony of third-party witnesses. Because of this, depositions of some or all of these witnesses will likely be necessary during discovery. Further, both sides also anticipate identifying witnesses in addition to those who testified in the SEC's investigation. For example, the parties anticipate depositions of numerous witnesses related to Defendants' reliance on professionals defense.

5. *Any anticipated need for the entry of a protective order in the matter?*

    The parties anticipate a need for a protective order and will model their submission on the Court's Uniform Protective Order. The parties anticipate filing a proposed protective order for the Court's consideration.

6. *How soon the parties anticipate being in a position to discuss settlement of the matter and what specific items of discovery need to be completed prior thereto, and how that necessary discovery can be accomplished as quickly and efficiently as possible?*

    At this time, the parties do not believe settlement discussions would be productive. The parties are available to discuss their respective positions.

Dated:  August 14, 2015                              Respectfully submitted,

*/s/ Nicholas P. Heinke*                             */s/ Steven M. Pyser (with consent)*
Nicholas P. Heinke                                   Enu Mainigi (*pro hac vice*)
Polly A. Atkinson                                    Steven M. Farina (*pro hac vice*)
Zachary T. Carlyle                                   Steven M. Pyser (*pro hac vice*)
U.S. SECURITIES & EXCHANGE                           Christopher J. Mandernach (*pro hac vice*)
COMMISSION                                           Amanda C. Boozer (*pro hac vice*)
Byron G. Rogers Federal Building                     Yifan Wang (*pro hac vice*)
1961 Stout St., Suite 1700                           WILLIAMS & CONNOLLY LLP
Denver, CO  80294-1961                               725 Twelfth Street, N.W.
Telephone:  (303) 844-1071                           Washington, DC 20005-5901
Fax:  (303) 297-3529                                 Telephone:  (202) 434-5000
*heinken@sec.gov*                                    Fax:  (202) 434-5029
*atkinsonp@sec.gov*                                  *emainigi@wc.com*
*carlylez@sec.gov*                                   *sfarina@wc.com*
                                                     *spyser@wc.com*
*Attorneys for Plaintiff*                            *cmandernach@wc.com*
*U.S. Securities & Exchange Commission*              *aboozer@wc.com*
                                                     *ywang@wc.com*

                                                     *Attorneys for Defendants*
                                                     *ITT Educational Services, Inc.*

*/s/ Fredric D. Firestone (with consent)*            */s/ David I. Miller (with consent)*
Fredric D. Firestone (*pro hac vice*)                Eric W. Sitarchuk (*pro hac vice*)
Michael A. Ungar (*pro hac vice*)                    Ryan P. McCarthy (*pro hac vice*)
James M. Commons (*pro hac vice*)                    MORGAN, LEWIS & BOCKIUS LLP
Alison L. Nadel (*pro hac vice*)                     1701 Market St.
MCDERMOTT WILL & EMERY LLP                           Philadelphia, PA 19103
500 North Capitol St., N.W.                          Telephone:  (215) 963-5000
Washington, DC  20001                                Fax:  (215) 963-5001
Telephone:  (202) 756-8000                           *esitarchuk@morganlewis.com*

| | |
|---|---|
| Fax:  (202) 756-8087<br>*rfirestone@mwe.com*<br>*mungar@mwe.com*<br>*jcommons@mwe.com*<br>*anadel@mwe.com* | *rmccarthy@morganlewis.com*<br><br>and |
| *Attorneys for Defendant Daniel M. Fitzpatrick* | David I. Miller (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Ave.<br>New York, NY 10178<br>Telephone:  (212) 309-6000<br>Fax:  (212) 309-6001<br>*david.miller@morganlewis.com* |
| | *Attorneys for Defendant Kevin M. Modany* |
| */s/ Alan S. Brown (with consent)*<br>Alan S. Brown (#3536-49)<br>Bryan S. Strawbridge (#29076-49)<br>FROST BROWN TODD LLC<br>201 North Illinois St., Suite 1900<br>P.O. Box 44961<br>Indianapolis, IN  46244-0961<br>Telephone:  (317) 237-3800<br>Fax:  (317) 237-2900<br>*abrown@fbtlaw.com*<br>*bstrawbridge@fbtlaw.com* | */s/ Philip A. Whistler (with consent)*<br>Philip A. Whistler (#1205-49)<br>Thomas E. Mixdorf (#16812-49)<br>ICE MILLER, LLP<br>One American Square, Suite 2900<br>Indianapolis, IN  46282-0200<br>Telephone: (317) 236-2100<br>Fax: (317) 236-2219<br>*Philip.Whistler@icemiller.com*<br>*Thomas.Mixdorf@icemiller.com* |
| *Attorneys for Defendant Daniel M. Fitzpatrick* | *Attorneys for Defendants*<br>*ITT Educational Services, Inc. and*<br>*Kevin M. Modany* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_ .M., ROOM _____ . |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____ ; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____ ; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____ ; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____             _____
Date                                                                      U. S. District Court
                                                                                   Southern District of Indiana