UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| ITT EDUCATIONAL SERVICES, INC., KEVIN M. MODANY, DANIEL M. FITZPATRICK, | ) ) ) ) |
| Defendants. | ) ) |

No. 1:15-cv-00758-JMS-MJD

**ORDER ON MOTION TO COMPEL**

The winding saga in this SEC enforcement action has made its way before the Court on Plaintiff's unopposed Motion to Compel Discovery.  [Dkt. 132.]  Plaintiff alleges that Defendants fraudulently concealed the poor performance of a student loan program from investors in violation of federal securities laws.  [*See* Dkt. 1.]  Part of Defendants' defense rests upon the legal advice they received about the loan program.[1]  As a consequence, each of the parties, by counsel, executed an agreement waiving attorney client-privilege as to certain subjects.  [Dkt. 83.]  The agreement, approved and entered as an Order of the Court on April 14, 2016 ("Protective Order"), provides that

> ITT is deemed to have waived the attorney-client privilege as to the Waived Subjects:
> a. The legal advice provided to ITT and its employees regarding the permissibility of modified parity payments ("MPP") under the PEAKS Student Loan Program Agreements;

---

[1] Defendants Modany and Fitzpatrick argue that Plaintiff inaccurately portrays its reliance-on-counsel defense as an affirmative defense.  They instead characterize it as evidence negating scienter or negligence.  [Dkt. 137 at 4.]  This dispute is irrelevant for purposes of the instant Motion and the Court therefore takes no position thereupon.

      b. The legal advice provided to ITT and its employees regarding ITT's disclosure of information related to MPP to PEAKS program senior noteholders; and

      c. The legal advice provided to ITT and its employees regarding the disclosures to be included in ITT's SEC Form 10-Q for the third quarter of 2012, Form 10-K for 2012, Form 10-Q for the first quarter of 2013, Form 10-Q for the second quarter of 2013, and Form 10-Q for the third quarter of 2013, as well as earnings calls and releases during these time periods.

[Dkt. 84 at 1 (¶ 1) (footnote omitted).]

Acting under the Protective Order, Plaintiff has sought to depose one Janelle Blankenship, upon whose advice Defendants Modany and Fitzpatrick have purported to rely. [Dkt. 132 at 2 (¶ 6).] However, on September 16, 2016, Defendant ITT filed for Chapter 7 bankruptcy. [Dkt. 109.] Defendant ITT, now in the hands of a bankruptcy trustee, stated via letter to Plaintiff that the deposition could not go forward and "advise[d] . . . that that the Trustee does not authorize any further disclosure of communications reflecting legal advice, whether by Faegre, including any of its partners, lawyers or employees at the deposition currently scheduled on December 20, 2016, or otherwise." [Dkt. 132-1 at 2.]

In response to the Trustee's reassertion of Defendant ITT's attorney-client privilege, Plaintiff filed the instant Motion to Compel Discovery. [Dkt. 132.] The Court directed Plaintiff to serve their Motion upon the Trustee and Blankenship and set a deadline of December 28, 2016, for any response to be filed. [Dkt. 134.] Plaintiff filed a Proof of Service, indicating that it had served counsel for both the Trustee and Blankenship by electronic and First Class mail. [Dkt. 136.] Defendants Fitzpatrick and Modany filed a response in support of Plaintiff's Motion on December 22, 2016. [Dkt. 137.] Neither the Trustee nor Blankenship have responded to the Motion; by failing to do so, they have waived any arguments they may have had in response to Plaintiff's Motion.

"[I]t has long been held" that once a party has knowingly and intentionally waived the attorney-client privilege, the privilege "cannot be reasserted." *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987) (collecting authorities). The Court finds that Defendant ITT knowingly and intentionally waived its privilege as to the topics identified in the Protective Order, excerpted above. Therefore, the Trustee may not reassert the waived privilege, and Plaintiff is entitled to depose Blankenship and conduct discovery into the attorney-client communications for which the privilege has been waived.

The genie is out of the bottle; Pandora's box has been opened; "[t]he Moving Finger writes; and, having writ, Moves on." Omar Khayyám, The Rubáiyát of Omar Khayyám 71 (Dodge Pub'g Co. 1912) (Edward FitzGerald trans., 1859). Each of these maxims aptly describes the issue before the Court. It takes no stretch of the imagination to foresee the games that counsel would play if they were permitted to revoke an intentional and knowing waiver of attorney-client privilege as the Bankruptcy Trustee has sought to do here. The Court therefore **GRANTS** Plaintiff's Motion to Compel Discovery [Dkt. 132] and **COMPELS** the requested discovery—including the deposition of Janelle Blankenship—in accordance with the Protective Order entered in this case [Dkt. 84], the Federal Rules of Civil Procedure, and the Local Rules of this Court.

If Plaintiff intends to seek attorney's fees from Counsel for the Bankruptcy Trustee pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), it may file and serve a motion for such fees on or before **January 17, 2017**. Any response must be filed on or before **January 24, 2017**. Any reply is due on or before **January 31, 2017**.

IT IS SO ORDERED.

Dated: 03 JAN 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.