UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. ITT EDUCATIONAL SERVICES, INC., KEVIN M. MODANY, and DANIEL M. FITZPATRICK Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:15-cv-00758-JMS-MJD |

**FINAL JUDGMENT AS TO DEFENDANT ITT EDUCATIONAL SERVICES, INC.**

The Securities and Exchange Commission having filed a Complaint against ITT Educational Services, Inc. ("ITT") in the United States District Court for the Southern District of Indiana (the "District Court"), and ITT and its debtor affiliates subsequently having commenced voluntary proceedings pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Cases"), in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court") on September 16, 2016 (the "Petition Date"), the Bankruptcy Cases having been procedurally consolidated under Bankruptcy Case No. 16-07207-JMC-7A, and Deborah J. Caruso having been appointed as Chapter 7 Trustee (the "Trustee") for ITT and its affiliated debtors in the Bankruptcy Cases, the Trustee having admitted the Court's jurisdiction over ITT and the subject matter of this action, ITT neither admitting nor denying the allegations set forth in the Complaint, other than those factual allegations necessary to establish this Court's jurisdiction, and the Trustee having thereafter determined to enter into the Consent attached hereto as Exhibit A:

63319156v3

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant ITT is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds only the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) ITT's former officers, agents, servants and employees; and (b) other persons that were in active concert or participation with ITT or with anyone described in (a) prior to the Petition Date.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant ITT is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

2

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds only the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) ITT's former officers, agents, servants and employees; and (b) other persons that were in active concert or participation with ITT or with anyone described in (a) prior to the Petition Date.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant ITT is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 204.13a-11, and 240.13a-13] by filing materially false and misleading reports with the SEC that make untrue statements of material fact or omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds only the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) ITT's former officers, agents, servants and employees; and (b) other persons that were in active concert or participation with ITT or with anyone described in (a) prior to the Petition Date.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the company's transactions and dispositions of its assets or failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles and any other criteria applicable to such statements.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds only the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) ITT's former officers, agents, servants and employees; and (b) other persons that were in active concert or participation with ITT or with anyone described in (a) prior to the Petition Date.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that any claims for disgorgement or civil penalties are dismissed with prejudice.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims (as defined below) against ITT, and the Trustee's entry into the Consent, and this Judgment shall only be effective upon, Bankruptcy Court approval of the Trustee's entry into the Consent.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as specifically set forth herein, nothing in this order or the Consent shall be or be deemed to be an admission, waiver, or release of any claim, right, remedy, cause of action or defense of any type or nature whatsoever of ITT against third parties (collectively, "Claims"), and no third party, including any creditor in the Bankruptcy Cases, may use or rely on this Order to effect an estoppel, waiver, defense, or release of any Claims.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Date: 6/30/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Laura A. Briggs, Clerk
BY: _____
Deputy Clerk, U.S. District Court

Copies to counsel of record electronically registered.