IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) CASE NO. 1:15-CV-00758-JMS-MJD |
| Plaintiff, | ) |
| v. | ) |
| ITT EDUCATIONAL SERVICES, INC., KEVIN M. MONDAY and, DANIEL M. FITZPATRICK | ) |
| Defendants. | ) |

## INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND EVIDENCE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Individual Defendants, Kevin Modany and Daniel Fitzpatrick (the "Defendants"), by counsel and pursuant to Rule 56-1 of the Local Rules of the United States District Court for the Southern District of Indiana, respectfully file the Individual Defendants' Motion for Partial Summary Judgment (the "Motion") and Evidence in Support of Motion for Partial Summary Judgment.

As set forth more fully in the Defendants' accompanying Memorandum of Law, the Court should grant their Motion because there are no material issues of fact that would preclude judgment in their favor on:

1. Claims four and five, because the SEC cannot satisfy the "in the offer or sale" element of Section 17(a) of the Securities Act of 1933.

2. Claims four and five, because the SEC cannot establish that the Defendants or ITT Educational Services, Inc. ("ITT") "obtain[ed] money or property by means of" false or misleading statements, as required by Section 17(a)(2).

3. Claims four and five because Section 17(a)(3) does not cover false or misleading statements.

4. Claims one through five ("scheme" liability claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(a) and (c) thereunder, and Sections 17(a)(1) and (3)), because the SEC relies on conduct that was not deceptive beyond any alleged misrepresentations or omissions.

5. Claims one through five that are based, in part, on the conduct relating to the PEAKS noteholders,[1] because, as a matter of law, that conduct cannot support liability when the Defendants and ITT: (i) owed no legal duty to disclose POBOB to the noteholders, and (ii) they were not the "maker" of the purportedly misleading monthly servicing reports.

6. Claims one through five, and ten and eleven that are based, in part, on Defendants' and ITT's mere "failure" to disclose certain information to shareholders, because the Defendants and ITT owed no legal duty to disclose such information to shareholders.

7. Claims one through five, and ten and eleven that are based, in part, upon the Form 10-Q for the third quarter of 2012, because that filing expressly related to the period ending September 30, 2012, and the first payments on behalf of delinquent borrowers did not start until October 25, 2012.

8. Claims one through five, and ten and eleven that are based, in part, upon the SEC's allegations that Defendants and ITT did not disclose to investors ITT's CUSO payment options under its CUSO guarantee, because the undisputed facts show that such disclosures were made to shareholders.

9. Claims one through five that are based, in part, upon the alleged violative conduct relating to the auditor, because that conduct cannot satisfy the "in the offer or sale" or the "in connection with the purchase or sale" elements of Section 17(a) and Rule 10b-5, respectively.

10. Claims one through five and eight that are based, in part, upon the Defendants' and ITT's alleged failures to disclose certain information to the auditor, because no affirmative duty to disclose such information to an auditor exits under the antifraud provisions or Rule 13b2-2.

11. Claim eight that is based, in part, upon the Defendants' alleged failures to disclose certain information to the auditor, because the undisputed facts demonstrate that the auditor knew this information.

---

[1] All capitalized terms in the Motion shall have the meaning ascribed to them in Defendants' Memorandum of Law.

The Defendants submit the following evidence in support of their Motion and Memorandum in Support for Summary Judgment:

| |
|---|
| 1. Ex. A, Excerpts of ITT ESI Annual Report (Form 10-K) (Feb. 22, 2013) |
| 2. Ex. B, ITT ESI Current Report (Form 8-K) (Sept. 14, 2016) |
| 3. Ex. C, ITT, Current Report (Form 8-K) (Apr. 27, 2015) |
| 4. Ex. D, ITT, Definitive Proxy Statement (March 13, 2013) |
| 5. Ex. E, Modany Investigative Testimony Transcript excerpts |
| 6. Ex. F, Fitzpatrick Investigative Testimony Transcript excerpts |
| 7. Ex. G, ITT-SEC-0003170 |
| 8. Ex. H, ITT-SEC-0754013 |
| 9. Ex. I, ITT-SEC-0754168 |
| 10. Ex. J, PWC 000710 |
| 11. Ex. K, Quimby Deposition excerpts |
| 12. Ex. L, Muller Deposition; Ex. 528 at PWC 0695572 |
| 13. Ex. M, ITT ESI Form 10-Q for the quarterly period ended June 30, 2013 (excerpts) |
| 14. Ex. N, ITT ESI Form 10-Q for the quarterly period ended September 30, 2012 (excerpts) |
| 15. Ex. O, ITT-SEC-0001083 |
| 16. Ex. P, ITT-SEC-0001406 |
| 17. Ex. Q, ITT-SEC-0168533 |
| 18. Ex. R, ITT-SEC-0000445 |
| 19. Ex. S, ITT-SEC-0000206 (excerpts) |
| 20. Ex. T, PWC0081706 |
| 21. Ex. U, DBTCA 000527 |
| 22. Ex. V, AGI-SEC-0000006-7 (excerpt) |
| 23. Ex. W, PWC037148 (2011) |
| 24. Ex. X, ITT-SEC-1558643 (Q1 2012) |
| 25. Ex. Y, PWC1405473 (Q2 2012) |
| 26. Ex. Z, PWC1406198 (Q3 2012) |
| 27. Ex. AA, Muller Investigative Transcript (excerpts) |
| 28. Ex. BB, Knowlton Deposition excerpts |
| 29. Ex. CC, PWC0640612 |
| 30. Ex. DD, PWC0054470 |
| 31. Ex. EE, PWC 1243007 |
| 32. Ex. FF, PWC 1289903 |
| 33. Ex. GG, PWC 1090488 |
| 34. Ex. HH, PwC Report to the Audit Committee of the Board of Directors, dated October 22, 2012, at ITT-SEC-0771351 (excerpts) |
| 35. Ex. II, PWC0634029 |

| |
|---|
| 36. Ex. JJ, PWC0634030 |
| 37. Ex. KK, PWC0639097 |
| 38. Ex. LL, PWC0639098 |
| 39. Ex. MM, ITT-SEC-1103175 |
| 40. Ex. NN, Mousseau Investigative Testimony (excerpts) |
| 41. Ex. OO, ITT-SEC-0770653-55 |
| 42. Ex. PP, Excerpts of August 2012 monthly CUSO invoice at 1-2 |
| 43. Ex. QQ, PWC 1219864-68 |
| 44. Ex. RR, Huber Deposition (excerpts) |
| 45. Ex. SS, Huber SEC Transcript (excerpts) |
| 46. Ex. TT, Quimby Deposition Ex. 657 (PWC0696005 - 6018) |
| 47. Ex. UU, ITT-SEC-1604331 |
| 48. Ex. VV, Marengo Deposition (excerpts) |
| 49. Ex. WW, ITT-SEC-0018167 |
| 50. Ex. XX, ITT-SEC-0039750 |
| 51. Ex. YY, Johnson Deposition (excerpts) |
| 52. Ex. ZZ, FALS 25526 |
| 53. Ex. AAA, Mousseau Deposition (excerpts) |
| 54. Ex. BBB, ITT-SEC-0095320 |
| 55. Ex. CCC, Elwood Deposition (excerpts) |
| 56. Ex. DDD, Lane Deposition (excerpts) |
| 57. Ex. EEE, Long Deposition (excerpts) |
| 58. Ex. FFF, Muller Deposition (excerpts) |
| 59. Ex. GGG, PWC 0724544 |
| 60. Ex. HHH, PWC 0695552 |
| 61. Ex. III, PWC 0724570 |
| 62. Ex. JJJ, PWC 0727635 |
| 63. Ex. KKK, PWC 0729391 |
| 64. Ex. LLL, PWC 0732526 |
| 65. Ex. MMM, ITT-SEC-0083643 |
| 66. Ex. NNN, ITT-SEC-1599763 |
| 67. Ex. OOO, ITT-SEC-1604110 |
| 68. Ex. PPP, Zoubek Deposition (excerpts) |
| 69. Ex. QQQ, Herold Deposition (excerpts) |
| 70. Ex. RRR, Fitzpatrick Deposition (excerpts) |
| 71. Ex. SSS, Knowlton Deposition Ex. 366 |
| 72. Ex. TTT, Glanfield Deposition Ex. 470 |
| 73. Ex. UUU, PWC 0913237 |
| 74. Ex. VVV, Modany Deposition (excerpts) |
| 75. Ex. WWW, ITT-SEC-1333200 |

| |
|---|
| 76. Ex. XXX, Huber Deposition Ex. 909 |
| 77. Ex. YYY, Oct. 2014 Internal Controls memorandum at PWC 1353570 |
| 78. Ex. ZZZ, Pl.'s Resps. to Defs.' First Set of Interrogs. |
| 79. Ex. AAAA, Pl.'s Resps. to Defs.' Fourth Set of Interrogs. |
| 80. Ex. BBBB, Pl.'s Resps. to Defs.' Fifth Set of Interrogs. |
| 81. Ex. CCCC, Pl.'s Resps. to Defs.' Second Set of Interrogs. |
| 82. Ex. DDDD, Muller Supplemental Deposition Excerpts |
| 83. Ex. EEEE, Knowlton deposition Excerpts |
| 84. Ex. FFFF, 10-Q for Quarterly Period Ending September 2013 excerpts |

WHEREFORE, Defendants respectfully request that this Court enter summary judgment where the undisputed evidence demonstrates that there are no genuine issues of material fact that preclude judgment as a matter of law in favor of the Defendants.

Dated: October 30, 2017

Respectfully submitted,

/s/ Irene A. Firippis
Fredric D. Firestone (*pro hac vice*)
Michael A. Ungar (*pro hac vice*)
James M. Commons (*pro hac vice*)
Alison L. Nadel (*pro hac vice*)
Irene A. Firippis (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Telephone: (202) 756-8000
Fax: (202) 756-8087
*rfirestone@mwe.com*
*mungar@mwe.com*
*jcommons@mwe.com*
*anadel@mwe.com*

Alan S. Brown (#3536-49)
Bryan S. Strawbridge (#29076-49)
FROST BROWN TODD LLC
201 N. Illinois St.
Suite 1900
Indianapolis, IN 46204-4236
Telephone: (317) 237-3841
Fax: (317) 237-3900

*abrown@fbtlaw.com*
*bstrawbridge@fbtlaw.com*

*Attorneys for Defendant Daniel M. Fitzpatrick*

/s/ David I. Miller (by consent)

David I. Miller (*pro hac vice*)
Matthew R. Ladd (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178
Telephone: (212) 309-6000
Fax: (212) 309-6001
*david.miller@morganlewis.com*
*matthew.ladd@morganlewis.com*

and

Eric W. Sitarchuk (*pro hac vice*)
Ryan P. McCarthy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Telephone:  (215) 963-5000
Fax:  (215) 963-5001
*eric.sitarchuk@morganlewis.com*
*ryan.mccarthy@morganlewis.com*

and

Steve Korotash *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone: (214) 466-4000
Fax: (214) 466-4001
*steve.korotash@morganlewis.com*

Philip A. Whistler (#1205-49)
Thomas E. Mixdorf (#16812-49)
ICE MILLER, LLP
One American Square, Suite 2900

Indianapolis, IN 46282-0200
Telephone: (317) 236-5832
Fax: (317) 592-4708
*Philip.Whistler@icemiller.com*
*Thomas.Mixdorf@icemiller.com*
*Attorneys for Defendant Kevin M. Modany*

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2017, a true and correct copy of the foregoing INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Irene A. Firippis
Irene A. Firippis