**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 1:15-cv-00758-JMS-MJD** |
| **ITT EDUCATIONAL SERVICES,  INC., KEVIN M. MODANY, and DANIEL M. FITZPATRICK** | ) ) ) ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION REGARDING ITS REPRESENTATION**
**AT THE PARTIES' SETTLEMENT CONFERENCE**

Plaintiff United States Securities and Exchange Commission respectfully requests that the Court allow Daniel Michael, Chief of the Division of Enforcement's Complex Financial Instruments Unit, to represent the Commission at the  May 10, 2018 settlement conference in this matter.

1.   The order scheduling the settlement conference requires that "[u]nless excused by order of the court, clients or client representatives with complete authority to negotiate and communicate a settlement shall attend the settlement conference along with their counsel." Doc. 260 at p.1.

2.   This provision would impose an unwarranted hardship  upon the SEC during its participation in the upcoming settlement conference.

3.   The SEC consists of five Commissioners, appointed by the President with the  advice and consent of the Senate.  *See* 15 U.S.C. § 78d(a).  Only the Commissioners themselves  may authorize the commencement of a securities enforcement action.  *See* 15 U.S.C. § 78u(d)(1).

Similarly, only the Commissioners have authority to settle such an action.[1]  *See* 17 C.F.R. § 202.5(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may *discuss* with persons involved the disposition of such matters by consent, by settlement, or in some other manner") (emphasis added).

    4.  Accordingly, the SEC normally requires its staff to negotiate a proposed settlement, prepare a detailed written memorandum for review and comment by the various Offices and Divisions of the SEC, and then present the proposal for consideration by the Commissioners at one of the SEC's regular closed meetings – a process that normally requires at least six weeks.

    5.  Because of their daily involvement in other SEC business, it simply is not feasible for the Commissioners to attend dozens of settlement conferences each year in cases pending throughout the United States.  Under existing law, the SEC is not permitted to delegate "on-the-spot" settlement authority to a member of its staff.  Any such settlement proposal still could be reviewed (and rejected) by the entire Commission.  Therefore, requiring any SEC official to participate in the upcoming settlement conference with "final" settlement authority would impose a substantial legal hardship.

    6.  Indeed, the Federal Rules of Civil Procedure acknowledge the unique position occupied by federal agencies during settlement discussions.  The Advisory Committee Notes to Rule 16 of the Federal Rules of Civil Procedure caution that:

> The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, *in appropriate cases*, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible

---

[1] Although the SEC is permitted to delegate its functions to its staff, the entire Commission always retains the right to review (and reject) any such action.  *See* 15 U.S.C. § 78d-1(b).

settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier or someone else would depend on the circumstances. *Particularly in litigation in which governmental agencies* or large amounts of money are involved, *there may be no one with on-the-spot settlement authority, and the most that should be expected is a recommendation to the body or board with ultimate decision-making responsibility.* The selection of the appropriate representative should ordinarily be left to the party and its counsel.

*See* Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure (emphasis added).

7.   Although a federal district court may have the power to require that a party representative with full settlement authority participate in settlement conferences, a court "must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order." *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993). In *Stone*, the Fifth Circuit held that a standing district court order requiring federal government agencies to have representatives with full settlement authority present at all settlement conferences constituted an abuse of discretion.[2]   The Court of Appeals also held that the District Judge should have considered "less drastic" alternatives prior to "as a last resort" requiring persons with authority to settle to attend a pre-trial conference. *Id.* at 905.

8.   The SEC respectfully requests that this Court permit Daniel Michael, Chief of the Division of Enforcement's Complex Financial Instruments Unit, to represent the SEC at the settlement conference. Mr. Michael is familiar with the facts and issues in this case, and the SEC's litigation and settlement positions. Although Mr. Michael does not, and will not, have

---

[2] Specifically, the Court of Appeals determined that Department of Justice regulations granted the power to approve settlements only to certain senior officials; those regulations were justified by the agency's interest in centralized and consistent decision-making; the degree to which those regulations interfered with the operations of the courts was insignificant; and the district court abused its discretion by failing to respect those regulations. *See* 986 F.2d at 904.

3

"final settlement authority" over this case, his approval would be required before any settlement proposal negotiated by the parties could be  submitted to the Commission for approval.  If the parties agree on the terms of a proposed  settlement at that conference, then Mr. Michael and the SEC's attorneys will promptly submit a  formal recommendation to the SEC's Commissioners for their consideration and approval.

WHEREFORE, Plaintiff Securities and Exchange Commission respectfully requests that this Court enter an order allowing Daniel Michael to represent the SEC at the parties' May 10, 2018  settlement conference, without "final settlement authority."

Respectfully submitted this 5th day of April, 2018.

*s/ Polly Atkinson*                   
Nicholas P. Heinke
Polly A. Atkinson
Zachary T. Carlyle
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Phone: (303) 844-1071 (Heinke)
(303) 844-1046 (Atkinson)
(303) 844-1084 (Carlyle)
Email:    HeinkeN@sec.gov
           AtkinsonP@sec.gov
           CarlyleZ@sec.gov

*Attorneys for Plaintiff United States*
*Securities and Exchange Commission*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 5, 2018, a copy of the foregoing PLAINTIFF'S MOTION

REGARDING ITS REPRESENTATION AT THE PARTIES' SETTLEMENT CONFERENCE

was filed electronically.  Service of this filing will be made on all ECF-registered counsel by

operation of the Court's electronic filing system.  Parties may access this filing through the

Court's system.

<u>*s/ Polly Atkinson*_____</u>
Polly Atkinson