# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>ITT EDUCATIONAL SERVICES, INC., KEVIN M. MODANY, and DANIEL M. FITZPATRICK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:15-cv-00758-JMS-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REGARDING ITS REPRESENTATION AT THE PARTIES' SETTLEMENT CONFERENCE

Defendants Kevin M. Modany and Daniel M. Fitzpatrick ("Defendants"), by their respective counsel, submit this Response to Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") April 5, 2018 Motion Regarding its Representation at the Parties' Settlement Conference (Filing No. 261) ("Motion").

1.  A settlement conference was held in this matter on May 15, 2017, and a settlement was reached at that settlement conference. (Filing No. 173).[1]

2.  Pursuant to the SEC's request made prior to that conference (Filing No. 163), a senior officer of the SEC Division of Enforcement participated in the negotiations. The SEC represented that the senior officer would have the experience and judgment to determine a settlement that could be acceptable to the SEC Commissioners.

---

[1] For further background information, Defendants respectfully refer the Court to Defendants' April 4, 2018 letter regarding the May 10, 2018 settlement conference, which was submitted to the Court *in camera* because it contains references to confidential settlement communications between the parties.

3. At the May 15, 2017 settlement conference, with the Court's assistance, the Defendants and SEC trial counsel agreed to terms to settle this case in its entirety, and subsequently—at further significant time and expense—finalized the attendant settlement paperwork, prior to SEC trial counsel recommending that the Commission approve the settlements. At that time, the Commission consisted of three Commissioners, but it now consists of five Commissioners, a full Commission.

4. On August 11, 2017, SEC trial counsel informed the Court that "the Commission will not approve the settlements" with Defendants. (Filing No. 181 at 2). Defendants are unaware of the Commission's position on this litigation or the reasons why the prior negotiated settlement was not approved.

5. Trial in this matter is set for July 9, 2018. On April 3, 2018, the Court ordered the parties to convene for another settlement conference on May 10, 2018. (Filing No. 260). The April 3, 2018 order provides that, "[u]nless excused by order of the court, clients or client representatives with complete authority to negotiate and communicate a settlement shall attend the settlement conference along with their counsel." (*Id.* at 1).

6. On April 5, 2018, the SEC filed its Motion, seeking leave to attend the settlement conference with a senior officer of the SEC Division of Enforcement who "does not, and will not, have 'final settlement authority' over this case." (Filing No. 261 at 3-4). Prior to the May 2017 settlement conference, the SEC filed a substantially identical motion.

7. Although Defendants will participate in the scheduled settlement conference in good faith, Defendants have significant concerns that another settlement conference will be a waste of time and resources for all parties if the Court again allows someone from the Division of

Enforcement without actual settlement authority to represent the SEC at the conference, especially given the events following the last settlement conference.

8. Accordingly, Defendants respectfully request that the Court not excuse the SEC from the terms of its April 3, 2018 Order (Filing No. 260) and deny the Motion. The SEC cites no law or regulation that prohibits the Commission from authorizing an SEC official to accept a settlement offer within parameters approved by the Commission, claiming instead only that delegating such authority is not "feasible" or presents "hardship." (Filing No. 261 at 1-2). Further, the SEC's suggestion that the Court's order would require a SEC Commissioner to attend the settlement conference is a red herring. The Commission can delegate (and has delegated) settlement authority to a member of its staff for the purpose of attending court-ordered settlement conferences. There is no reason the Commission should not be required to do so here given the events that transpired following the May 2017 settlement conference.

9. For the foregoing reasons, Defendants respectfully request that the Court deny the SEC's Motion.

Dated: April 6, 2018                         Respectfully submitted,

                                                           *s/ David I. Miller*
                                                           David I. Miller (*pro hac vice*)
                                                           Matthew R. Ladd (*pro hac vice*)
                                                           MORGAN, LEWIS & BOCKIUS LLP
                                                           101 Park Ave.
                                                           New York, NY 10178
                                                           Telephone: (212) 309-6000
                                                           Fax: (212) 309-6001
                                                           *david.miller@morganlewis.com*
                                                           *matthew.ladd@morganlewis.com*

                                                           and

Eric W. Sitarchuk (*pro hac vice*)
Ryan P. McCarthy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Telephone:  (215) 963-5000
Fax:  (215) 963-5001
*eric.sitarchuk@morganlewis.com*
*ryan.mccarthy@morganlewis.com*

and

Steve Korotash (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1717 Main St., Suite 3200
Dallas, TX 75201
Telephone: (214) 466-4144
Fax: (214) 466-4001
*steve.korotash@morganlewis.com*

and

Philip A. Whistler (#1205-49)
Thomas E. Mixdorf (#16812-49)
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Telephone: (317) 236-5832
Fax: (317) 592-4708
*Philip.Whistler@icemiller.com*
*Thomas.Mixdorf@icemiller.com*

*Attorneys for Defendant Kevin M. Modany*

<u>*s/ Michael A. Ungar* (by consent)</u>
Fredric D. Firestone (*pro hac vice*)
Michael A. Ungar (*pro hac vice*)
James M. Commons (*pro hac vice*)
Alison L. Nadel (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol St., N.W.
Washington, DC  20001
Telephone:  (202) 756-8000
Fax:  (202) 756-8087
*rfirestone@mwe.com*
*mungar@mwe.com*

*jcommons@mwe.com*
*anadel@mwe.com*

Alan S. Brown (#3536-49)
Bryan S. Strawbridge (#29076-49)
FROST BROWN TODD LLC
201 N. Illinois St.
Suite 1900
Indianapolis, IN 46204-4236
Telephone: (317) 237-3841
Fax: (317) 237-3900
*abrown@fbtlaw.com*
*bstrawbridge@fbtlaw.com*

*Attorneys for Defendant Daniel M. Fitzpatrick*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing document to be served upon all counsel of record by operation of the Court's Electronic Notification system this 6th day of April, 2018.

                                            *s/ David I. Miller*

                                            David I. Miller