UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | NO. 1:15-CV-00758-JMS-MJD |
| v. | ) ) ) | |
| ITT EDUCATIONAL SERVICES, INC., KEVIN M. MODANY, and DANIEL M. FITZPATRICK, | ) ) ) | |
| Defendants. | | |

## **DEFENDANTS' PROPOSED FINAL INSTRUCTIONS THAT APPLY TO ALL CLAIMS**

Defendants Kevin Modany and Daniel Fitzpatrick, by and through counsel and pursuant to this Court's April 23, 2018 and May 11, 2018 Orders (Filing Nos. 265 and 271), hereby respectfully submit the following proposed edits and additions to the generic final jury instructions. The Defendants' proposed edits and additions to Exhibit 3 to the Court's April 23, 2018 Order are reflected herein in redline to Exhibit 3. The parties met and conferred on the same and those to which the parties mutually agreed are highlighted in yellow. The SEC did not otherwise consent to the remainder of the Defendants' proposed edits and additions.

**EXHIBIT 3 - PROPOSED FINAL INSTRUCTIONS THAT APPLY TO ALL CLAIMS**

Members of the jury, the preliminary instructions I gave you at the beginning of the trial remain in effect. I now am going to read the final jury instructions. It is your duty to follow all of the instructions. You must not single out some instructions and ignore others because all are important. A copy of both the preliminary and final jury instructions will be available to you in the jury room during your deliberations.

**Final Instruction No. 1**

You have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow the Court's instructions, even if you disagree with them.

Perform these duties fairly and impartially.  Do not allow sympathy/prejudice/fear/public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, class, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Final Instruction No. 2**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence [, and stipulation[s]].

[A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony~~]. ]. [You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect, if any, to be given that testimony.][1]

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

---

[1] Instruction on Stipulation of Testimony, 4 Modern Federal Jury Instructions – Civil P. 74.5 (2018).

**Final Instruction No. 3**

Certain things are not to be considered as evidence.  I will list them for you.

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard, or information or opinion from friends, family or acquaintances.  Such reports, information, or opinions are not evidence and your verdict must not be influenced in any way by such publicity, information, or opinions.  To be clear, you may only consider evidence you learned while in the courtroom during the course of the trial.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Final Instruction No. 4**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Final Instruction No. 5**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact or a series of facts that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence based on your own assessment of its trustworthiness. In reaching your verdict, you should consider all the evidence in the case, including the whether direct or circumstantial evidence.

~~When I say~~This is a civil case and as such the plaintiff, the SEC, has the burden of proving the elements of each particular ~~party must prove something~~claim of its complaint by "a preponderance of the evidence~~,"~~.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or ~~when I use the expression "~~documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find~~," or "if you~~ that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide~~,"~~ that issue against the party having this ~~is what I mean:  When you have considered all the evidence in the case, you ~~burden of proof. That is because the party bearing this burden must ~~be persuaded that it is more probably true than not true~~prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

---

[2] 4 Modern Federal Jury Instructions-Civil P 73.01; 73.02 (2018).

If after considering all of the testimony you are satisfied that the SEC has carried its burden on each essential point as to which it has the burden of proof, then you must find for the SEC on its claims. If after such consideration you find the testimony and evidence of both the SEC and the Defendants to be in balance or equally probable—or in the Defendants' favor—then the SEC has failed to sustain its burden and you must find for the Defendants.

**Final Instruction No. 7**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.  You may believe everything a witness says, part of it, or none of it.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory, including whether it has been consistent;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying;

- the witness's age; and

- other evidence that may have contradicted the witness' testimony; and

- the reasonableness of the witness' testimony in light of all the evidence in the case.

In sum, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.[3]

---

[3] 4 Modern Federal Jury Instructions-Civil P 76.01 (2018).

**Final Instruction No. 8**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## Final Instruction No. 9[4]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

---

[4] Expert Witnesses, 4 Modern Federal Jury Instructions – Civil P. 76.9 (2018).

## Final Instruction No. 10[5]

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called. Their absence should not affect your judgment in any way.

[5] Instruction on Uncalled Witnesses Equally Available, 4 Modern Federal Jury Instructions – Civil P. 75.4 (2018).

## Final Instruction No. 11

[The parties are discussing a charts and summary instruction, if applicable, and may propose such an instruction at or before the final pre-trial conference.]

## Final Instruction No. 12[6]

You have heard evidence during trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider this fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, can focus on those subjects, and can have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps to conserve your time and the Court's time. In fact, adequate witness preparation is a key element of trial preparation, and it would be unusual for a lawyer to call a witness without such preparation.

---

[6] Lawyer Interviewing Witness, Pattern Federal Civil Jury Instructions of the Seventh Circuit 1.16 (2017); *see In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 167 F. Supp. 3d 936, 937 (N.D. Ill. 2016) ("adequate witness preparation is a key element of good trial (and deposition) preparation…. In short, in the usual situation there is no prohibition on pre-deposition or pre-testimony contacts between a lawyer and the ordinary fact witness.").

**<u>Final Instruction No. 13</u>**[7]

[If necessary to explain testimony concerning Defendants' reputation for truthfulness, or testimony in the form of an opinion about that character for truthfulness, elicited in response to attacks on Defendants' character for truthfulness, under Fed. R. Evid. 608(a):]

You have heard testimony that the Defendants have a good reputation for honesty and truthfulness in the community where they live and work, or testimony in the form of an opinion about that character for truthfulness.  That testimony bears on the Defendants' character and on the truthfulness of their testimony.  You should consider testimony concerning Defendants' character together with all the other evidence in the case in determining Defendants' liability.  The testimony of a character witness, however, should not be taken by you as an opinion by that witness as to whether either Defendant is liable.  The liability of the Defendants is for you alone to determine, and should be based on all the evidence you have heard in the case.

---

[7] *See United States v. Burke*, 781 F.2d 1234, 1240 (7th Cir. 1985) ("The court therefore should tell the jurors that they may use reputation evidence to help evaluate the truthfulness of the defendant's testimony and to help evaluate the credibility of the innocent explanation he offers for his acts.  In a close case these considerations may tilt the balance.").

~~**Final Instruction No. 9**~~

**<u>Final Instruction No. 14</u>**

[Begin case specific instructions.]

**Final Instruction No. 10**

**Final Instruction No. 15**

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against a particular party, must be unanimous as to each of the SEC's claims. You must also give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Final Instruction No. 11**

**Final Instruction No. 16**

Upon retiring to the jury room, select one of your members as your presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take the form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in the verdict form and date it.

When you wish to return your verdict, notify the bailiff in writing.

~~**Final Instruction No. 12**~~

**<u>Final Instruction No. 17</u>**

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means, including telephone, cell phone, tablet, and computer. This includes oral or written communication, as well as any electronic method of communication, such as text messaging, posting to blogs, websites, or services like Facebook, LinkedIn, YouTube, or Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, <u>or should you have questions,</u> send a note through the bailiff. The note should be signed by the presiding juror, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Often the Court cannot answer a question except by re-reading the jury instructions, so you may find an answer to any question you have in the instructions. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony. <u>[You may, however, request that certain testimony be read back to you should that be necessary.]</u>[8]

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 4-4, or 6-2, or whatever your vote happens to be.

---

[8] The parties are in agreement that read-backs of particular testimony may be helpful in this case. Accordingly, the parties have agreed on the bracketed language above, if the Court approves.

Dated:  June 1, 2018                               Respectfully submitted,

*/s/ David I. Miller*
David I. Miller (*pro hac vice*)
Matthew R. Ladd (*pro hac vice*)
Zoe Phillips (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178
Telephone:  (212) 309-6000
Fax:  (212) 309-6001
*david.miller@morganlewis.com*
*matthew.ladd@morganlewis.com*

and

Eric W. Sitarchuk (*pro hac vice*)
Ryan P. McCarthy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Telephone:  (215) 963-5000
Fax:  (215) 963-5001
*eric.sitarchuk@morganlewis.com*
*ryan.mccarthy@morganlewis.com*

and

Steve Korotash (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1717 Main St., Suite 3200
Dallas, TX 75201
Telephone: (214) 466-4144
Fax: (214) 466-4001
*steve.korotash@morganlewis.com*

and

Philip A. Whistler (#1205-49)
Thomas E. Mixdorf (#16812-49)
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Telephone: (317) 236-5832
Fax: (317) 592-4708
*Philip.Whistler@icemiller.com*

*Thomas.Mixdorf@icemiller.com*

*Attorneys for Defendant Kevin M. Modany*

*/s/ Michael A. Ungar* (by consent)
Fredric D. Firestone (*pro hac vice*)
Michael A. Ungar (*pro hac vice*)
James M. Commons (*pro hac vice*)
Irene A. Firippis (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol St., N.W.
Washington, DC  20001
Telephone:  (202) 756-8000
Fax:  (202) 756-8087
*rfirestone@mwe.com*
*mungar@mwe.com*
*jcommons@mwe.com*
*ifirippis@mwe.com*

Alan S. Brown (#3536-49)
Bryan S. Strawbridge (#29076-49)
FROST BROWN TODD LLC
201 N. Illinois St.
Suite 1900
Indianapolis, IN 46204-4236
Telephone: (317) 237-3841
Fax: (317) 237-3900
*abrown@fbtlaw.com*
*bstrawbridge@fbtlaw.com*

*Attorneys for Defendant Daniel M. Fitzpatrick*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document to be served upon all counsel of record by operation of the Court's Electronic Notification system this 1st day of June, 2018.

*/s/ David I. Miller*

David I. Miller